†WM. S. ROOT v. MONROEVILLE VILLAGE.

1. PROOF THAT SIDEWALK WAS DEFECTIVE ON BOTH SIDES OF STREET.

In an action for personal injuries from a defective sidewalk, plaintiff sought to prove that the sidewalk on the side of the street opposite the place where he was injured was out of repair for the purpose of showing that a person passing along said street had no choice, for both sides were bad and unsafe: *Held*, that such testimony would have been proper in rebuttal after the defendant had offered testimony to show that the defect was noticeable, and that a way existed there which the plaintiff could have taken, but without such testimony on the part of the defendant, it was properly excluded.

2. PROOF, REPAIRS IMMEDIATELY AFTER ACCIDENT, INCOMPETENT EVIDENCE.

Evidence showing that the defendant, immediately after the accident, made a repair of the defective sidewalk, is not competent testimony to show that the defendant knew, prior to the accident, that the defect existed.

3. STATEMENTS OF PLAINTIFF IN ACTION FOR PERSONAL INJURIES.

A conversation between plaintiff and one of the members of the council of the village after the accident is not competent to bind the village by an admission of a past fact and evidence of the plaintiff's statements as to his suffering, of his being injured, coupled with other statements in the nature of a recitation as to how his injuries occurred is incompetent and was properly excluded.

4. STATEMENTS OF WITNESSES AS TO PLAINTIFF'S CONDITION.

The testimony of a witness that plaintiff "was a bricklayer and mason by profession, but after the accident, was unable to do anything on account of the injury to his left foot," does not come under the rules which admit the statement of a witness that he observed that another person was disabled or sick or suffering pain.

5. HEARSAY EVIDENCE NOT COMPETENT PROOF.

The statement of a witness which embodies hearsay evidence, although portions of his testimony might have been competent, if all offered together, should be excluded.

6. REFUSAL TO CHARGE RE-BURDEN OF PROOF.

The refusal to charge the jury that the burden of proof is on the defendant to prove that the plaintiff contributed to his injury by his own negligence, is not error where the plaintiff, in the introduction of his own testimony, affords some presumption of such contributory negligence as would prevent his recovery.

7. MEASURE OF DAMAGES—PROBABLE SUFFERING.

A request to charge that "if you find for the plaintiff, in assessing his damages, you should award him full compensation for the injury received. In this you may consider the pain suffered, and which naturally and probably will be suffered and the effect it has had and probably will have," * * * contains an erroneous proposition. The mere probability of what might happen in the future is not proper ground for the assessment of damages.

8. DUTY OF COURT REGARDING REQUESTS TO CHARGE.

Under the amendment to sec. 5190, Rev, Stat., which provides that when the evidence is concluded, either party may present written instructions to the court on matters of law and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced, it is the duty of the court to give or refuse to give such instructions at that time, and the refusal to do so is error sufficient to warrant reversing the judgment.

BENTLEY, J. (orally.)

This is a proceeding in error to reverse the judgment of the court of common pleas, against Mr. Root rendered in an action commenced by him in that court against the incorporated village of Monroeville, Ohio, to recover damages for a certain alleged injury received by him while walking along one of the sidewalks in that village and which he claimed the village should have

†This judgment was reversed by the Supreme Court. See opinion 54, O. S., 523.

kept in repair, but which they had negligently allowed to become and remain out of repair, whereby he was injured.

As the terms of the petition may be important in considering some of the alleged errors, I will read a portion of it. After making some general allegations in regard to the duty resting upon the village, the petition proceeds: "On the 15th day of October, 1889, said street and sidewalks were, by the negligence of said defendant, allowed to be and remain out of repair; and the sidewalk along the north side thereof, in front of in-lots numbers 121 and 123, on the plat of said village, which walk was originally constructed of stone, was broken with many dangerous holes and sharp and jagged projections. By the negligence of the defendant, on the evening of that day, said holes were allowed to remain open, and broken pieces of stone were not removed but were exposed to contact without lights or guards The defendant had, by its proper officers and agents, full knowledge and notice of the dangerous condition of said walk in time to remedy it and to prevent all injury therefrom and it then and there became the duty of said defendant to so remedy it as to prevent such resulting injury. On said evening of the 15th day of October, 1889, this plaintiff was lawfully passing along said street upon said sidewalk wholly unaware of its dangerous condition, and accidentally, without any fault or negligence on his part, while walking there, was precipitated into one of said holes in said sidewalk, his foot striking on one of said sharp, rough and jagged pieces of stone and his said foot and person were thereby cut, torn and severely bruised and wounded, whereby he was greatly and permanently injured."

He further makes some allegations regarding the accident, the permanency of his injury, and that he was put to great expense in endeavoring to be cured of it. The village, in its answer, admits its character as charged, and admits its control over this particular street in question, and its general duty to keep the sidewalks in repair on this street, but denied in general all the other averments of the petition and also alleges that if the plaintiff received any injury, it was on account of his own negligence contributing thereto. The reply of the plaintiff denies this affirmative allegation of contributory negligence.

The case came on for trial and was tried to a jury. The plaintiff gave evidence, as cited by the bill of exceptions, tending to prove all of the material averments of his petition. The defendant produced its testimony, and at the close of the evidence and before the argument began, the plaintiff preferred to the court certain written charges requesting that they be given to the jury as the law of the case. This was refused, and after the argument to the jury had closed, the court gave to the jury, after retirement, brought in a verdict in favor of the village against the plaintiff. A motion for a new trial was made and overruled and judgment was rendered upon the verdict, and a bill of exceptions was allowed and filed in the case. The bill of exceptions does not purport to exhibit all of the testimony that was given in the case. It states the giving of certain testimony tending to prove certain facts. It states certain questions which were asked of the witnesses and the ruling of the court upon them. It recites and gives in *haec verba*, certain requests of the plaintiff and the charge of the court, and contains the recitation that it embodies all of the charge given by the court; but the recitation and the other matters were simply to exhibit what is claimed to be errors of the court in its rulings upon the trial of the case.

In the bill, after reciting the giving of evidence by the plaintiff to sustain the material allegations of his petition, that is, the facts which the plaintiff's evidence tended to prove, are stated affirmatively here in the bill, this occurs:

"Among the witnesses called by the plaintiff were Peter Seymour and Jacob Hammel, who were asked by plaintiff's counsel as to the condition of the sidewalks on both sides of

Monroe street at the time when said accident occurred. To this question defendant's counsel objected and plaintiff's counsel stated that he proposed to show by the witnesses that the sidewalk on the opposite side—on the side of the street opposite the place where plaintiff was injured, was also then out of repair and in an unsafe condition generally, and that there could be no choice for a person passing along said street between the sidewalks on the two sides of it, for both were bad and unsafe; but the court sustained the objection and excluded said evidence and the same was not given to or considered by the jury, to which ruling the plaintiff by his counsel then and there excepted."

That is one of the errors which is urged here as a ground for setting aside the verdict and reversing the judgment.

The issues, as they were presented by the pleadings, are to be considered here. The plaintiff alleged that this dangerous defect existed in a certain sidewalk of the public street along which he had occasion to pass and did pass. The village, not denying that this was one of the streets of which it had charge, or that this was a sidewalk which it was bound to keep in repair, admits both of those facts. Presumably then, the plaintiff below, without some averment or showing otherwise, had a right to pass along that public sidewalk. This evidence was offered by him in chief and he claims that it was proper because it would negative the idea that he ought to have avoided this dangerous condition which he claimed to be in the sidewalk, by showing that he substantially had no choice in the matter, or, at least, that he had no opportunity of avoiding that by going on the other side of the street.

Had this testimony been offered in rebuttal, and after the defendant village had offered testimony tending to show that this defect was noticeable, and that another way existed there which the plaintiff could well have taken, then this testimony would have been proper; but to have anticipated the evidence which might have been given on the part of the defense without anything, up to this time, suggesting, as appears in the record, any necessity for such testimony would, we think, have been subject to the objection mentioned by the counsel for the village, that it would tend to introduce immaterial issues and possibly prejudice the village by showing that not only had it suffered this particular defect to exist, but that it was also negligent regarding other sidewalks and streets.

Upon this view of the matter, the action of the court in excluding it was correct. It does not appear that it was afterwards offered in rebuttal.

The next objection appears as stated in the bill, in this way:

" Among plaintiff's witnesses was Frank Egle, who was asked by plaintiff's counsel as to the repair of the sidewalk at the place where plaintiff was injured, by the authorities of said village, soon after the accident. To which question defendant's counsel objected, and the court said that if the repairing was done after the injury, it was not competent in any way, and though plaintiff's counsel offered to show that fact by the witness, the court sustained defendant's objection, and the same was excluded from the jury, to which ruling of the court, the plaintiff by his counsel then and there, excepted."

As against the claim of the plaintiff, that this exhibits error, counsel for the village says that the bill does not exhibit the particular question asked, and that therefore, this court cannot determine but that the ruling upon the particular question may have been correct. But without regarding now that argument of the counsel for the village, we think the ruling of the court was correct anyhow. That is, in order to show, under the allegations and issues here, that this defect existed or that the village knew that it existed, it was not competent to show that shortly after that the village made a repair of the particular defect.

In *Ashtabula* v. *Bartram*, 2 Ohio Circ. Dec.,372.

Plaintiff in that case was precipitated down an embankment along a certain street, and the fence which the village theretofore erected, had become out of repair at that point, so that there was no barrier to keep parties from being precipitated down the bank, and the court in that case held that the fact that the

village shortly after this accident repaired that fence was competent. But it appears very clear from the report and the circumstances, that that ruling is not applicable here. In that case, the principal issue was as to whether or not this place was of such a nature and in such a condition, that the defendant in that case was charged with any duty to provide a barrier there, and the circuit court held that, from the fact that they had built the fence, and even after this repaired the fence at that particular point, it involved an admission upon the part of the defendant that it was bound to keep up some barrier there; that it recognized it as a dangerous place, and as against accident there it ought to provide.

It would have been a parallel case if in its action here at bar, the village had in its answer denied that it had any duty to perform respecting the sidewalk in question; and the facts were shown that shortly after this accident it had made repairs upon this very walk. That would have implied an admission that it was a walk as to which it owed some duty; but it would not follow that by repairing a walk confessedly under the charge of the village, there was an admission by them that it was out of repair at the time of the accident. So there was no error in that respect.

Next, without taking the time to read the exact wording of the bill—evidence offered by plaintiff was rejected tending to show a conversation between plaintiff and one of the members of the council of the village after this accident occurred. He was not competent to bind the village by an admission of a past fact. That would warrant its exclusion so far as it simply tended to show that, and the other fact that is involved in the conversation, that is, the statement by the plaintiff of his suffering—of his being injured at that time, is coupled with other statements which would not be competent, being a recitation as to how he was injured, or how his injury occurred, etc., and as the whole matter was offered together though possibly a small portion of it is competent for a particular purpose; but the main portion of it being incompetent, it was properly, when thus offered, excluded entirely.

The same may be said of the ruling of the court in excluding certain evidence of one who stated that the plaintiff "was a bricklayer and mason by profession, but at that time—that is, the time after the accident—he was unable to do anything on account of the injury to his left foot, I believe."

We think this does not come under the rules which admit the statement of a witness that he observed that another person was disabled or sick or suffering pain, or something of that kind. It was a general statement which involved something more than the statement of a mere fact within the personal knowledge of the witness.

Objection was made to certain other testimony offered by the plaintiff in the deposition of Mr. Hoyt—another conversation with the plaintiff after the injury. The answer and question, which was excluded, was this:

"During April and May, 1891, he was a foreman for me in building a brick building for the electric light plant at Bellevue, Ohio, and during that time, saw him almost daily, and during that time his foot hurt him so that he could hardly attend to his work, and on several occasions he asked permission to leave his work and go for treatment to a doctor and did go and see a doctor about it, and as he said to me, he complained about it hurting a great deal and gave him a great deal of pain so much so that it interfered with his work. His foot troubled him all through the work and he was not able at any time to wear a shoe upon it during the time he was working for me."

It will be noticed that in that answer there is some hearsay. It was all offered together, although a portion of it may be competent, we think the plaintiff should only have offered such portion of it as could be deemed competent; but offering it altogether—the whole answer, the general exclusion was correct. It is also noticed, regarding that answer that there is much in it that is not a very close statement of the facts within the observation of the witness, but facts

that he would be as apt to gather generally, as from present indication of pain on the part of the plaintiff.

The witness states this also, which was excluded—being a part of the Hoyt deposition:

"My first visit to him (plaintiff) at Monroeville, Ohio, was to get him to superintend the construction of the brick electric light building at Bellevue, Ohio, and he then told me about his foot and showed it to me, and said that he hesitated to take my work on account of the condition of his foot. He stated to me, at that time, that he stepped or broke through the sidewalk and injured it."

Some remarks that I have already made will apply to that. It is a mere recitation of the plaintiff as to how his accident occurred and was not proper.

There was an objection to another portion of the deposition of the said Hoyt in which he said that, prior to this accident: "Have never known him to be sick, and having bodily strength to do his work; believed him to be in good health during that time," that is, for a long period.

The exclusion of that comes pretty close to the line. While we think it would not be error to have admitted it, in view of the condition of the testimony generally, we would not be willing to say that the exclusion of that was of so prejudicial a character as would warrant the disturbance of the verdict or judgment in that respect.

Among the plaintiff's requests to charge is this one—number 3 (These are requests which the plaintiff, at the close of the testimony and before argument, requested the court to give to the jury.):

"The burden of the proof is on the defendant to prove to you that the plaintiff contributed to his injury by his own negligence and plaintiff cannot be legally found to so have contributed unless he is shown to have been at fault in so doing."

If we had all the testimony before us, we could determine whether on the trial, the refusal of that was, or was not error. We must dispose of it in view of this rule, that there may be cases where the plaintiff, in the introduction of his own testimony may afford some presumption of such contributory negligence as would prevent his recovery. In such a case as that a charge of this kind would be erroneous; that is to say: in such particular case, the burden would be upon the plaintiff to introduce testimony to show that he was not guilty of contributory negligence because the jury might regard his own testimony as showing that he was so guilty, and the burden in such a case would be upon him to remove the suggestion or presumption which would arise against him from his own testimony, but as to the testimony here, we cannot say judicially that there may not have been testimony offered by him that would make this request inapplicable to the particular case, and therefore are not able to say that the refusal to give this charge was error.

Tenth request:

"If you find for the plaintiff, in assessing his damages you should award him full compensation for the injury received. In this, you may consider the pain suffered, and which naturally and probably will be suffered, the extent of the injury itself, and the effect it has had and probably will have on his bodily comfort and his ability to labor; the permanent character of the injury, if it is permanent; the expenses, if any which plaintiff has incurred in doctoring the injury, and any and all other facts bearing on the question, and from them all, what would be fair and reasonable compensation."

We are inclined to think that, under the investigation we have given to similar subjects heretofore, that there is involved in this request an erroneous proposition. Instead of damages for probable suffering, for the probable effect of the injury, in the future, plaintiff would not be entitled to damages, but rather for those effects that would, with reasonable certainty, follow. The mere probability which might happen in the future would not be proper ground for the assessment of damages, and thinking thus, we fail to find error in the refusal of the court to charge that proposition.

The charge of the court is excepted to for three particular reasons set out in the bill of exceptions. It will require too long a time to read them now and I will point out the particular reasons why we think it was not erroneous in the charge of the court, itself. We think there was no prejudicial error in the charge of the court itself. The main clause, which seems now to be the most important question, is as to the effect of the late amendment to the statute 5190, providing for proceedings upon the trial of a case. The initial paragraph is as follows:

"When the jury is sworn the trial shall proceed, except as provided in the next section, in the following order, unless the court for special reasons otherwise direct."

Then follows that the plaintiff—without quoting the exact language—the plaintiff may make a brief statement and the defendant a statement and the party who would be defeated if no evidence were offered on either side, must first produce his evidence; then the other party. And the parties will then be confined to rebutting evidence, and then comes the 5th subdivision of the section. As it stood originally before the act of 1882, (89 O. L., 59, 60,) it provided, "when the evidence is concluded, either party may request instruction to the jury on matters of law, which shall be given or refused by the court." But under that section, certain courts held that it was a matter of discretion with the court whether or not it would charge the jury or give any instruction before the argument, and the said amendment of 1892 now provides in the 5th paragraph:

"When evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

The next subdivision—6, provides for the submission of the case, or the making of the argument. After that, the 7th, begins the statement:

"The court, after the argument is concluded, shall, before proceeding with other business, charge the jury; any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, request it."

There are other provisions in the 7th paragraph which I need not take time to read.

The question is, whether the legislature intended by the amendment to make it the duty of the court to give to the jury written requests applicable to the case and proper in form, after the conclusion of the testimony and before the beginning of the argument; whether or not it has provided a statutory right of a party to that action by the court.

It is contended that, notwithstanding that amendment, the first section provides that the court may otherwise direct, and that that leaves it still as a mere matter of discretion as under the former holdings of some of the courts.

On the other hand, it is contended that this amendment was evidently designed to effect this particular purpose, and possibly made in view of similar rulings that had been made under the old section as it stood. The first section, and the first part of the section, provides, as I have stated, that the trial shall proceed in the following order—"unless the court for special reasons otherwise direct."

This would evidently regard simply the mere order of proceeding, that in a certain case it might be proper for one party to begin his evidence instead of the other, and it may be that it would be proper to vary the mere order of some of those proceedings upon the trial; but it will be observed that in this section are various positive regulations which have always been regarded as binding upon the courts, and which they are bound to follow. This section provides something else besides the mere order of business, as for instance: The reducing of the charge to writing or not modifying it or explaining it thereafter orally, etc.

As to the particular matter here, this strikes us as significant and important. At the close of the evidence, of course, there is a division of the case.

It is an epoch, so to speak, in the case—in all cases. This statute then provides that at that stage of the proceedings a party is entitled to have pertinent and proper propositions which he may present, given to the jury, and before he shall be called upon to submit his argument to the jury.

We can well see that that might, in certain cases, be exceedingly important. It might be a question what view the court might take of the law and its resolution would have a great effect upon the argument which the council might make to the jury. He might, upon a certain view of the law which the court would not take afterwards, waste his entire argument to the jury, and leave unguarded material facts which, if he had assumed the other view, he would have been glad to discuss.

So it would seem that there is an underlying reason which might have been present in the mind of the legislators when they framed the statute.

There is another consideration, and that is, it is provided that at this juncture of the trial, there may be a request to the court to charge upon certain propositions, then, after another well known part of the trial has taken place, namely, the argument, the statute directly provides the court shall then proceed before going to other business, to charge the jury. By the provisions of this law, the charge may, at the instance of the party, be divided into two sections and between the giving of these two sections, the statute specifically provides that the counsel may be allowed to argue the case to the jury.

We think, as the law now stands, that it was evidently the intention of the legislature to give the party that right, and that refusing it is error, unless, as in all cases, there should be an application of the general provision of the code that no error which is not in effect apparently prejudicial to the party, shall work a reversal of the judgment.

It is argued that there may have been special reasons in this case why the court should otherwise direct, than to follow this particular order, and in connection with that it is said that he did, in fact, give the material part of these propositions to the jury in his general charge, and that this court must presume, in favor of sustaining this judgment, that there was, in fact, special reasons for the action of the court. But the section is that it shall proceed as follows, "unless the court shall otherwise direct."

There is nothing upon this record showing that the court directed the order of proceedings in any way to interfere with the statutory order, except the mere bald statement that he refused to give these charges, and we think this is not sufficient to warrant the presumption that he did give the direction interfering with this plain, statutory order, but the inference is that he refused it upon the idea that it was a mere matter of discretion on his part which he could freely exercise, or possibly, that from his view of the law, these propositions were erroneous.

The propositions other than the two already mentioned we think were all proper, and such as should have been given. They were carefully prepared, properly framed and properly presented, and there is no reason to think, no proper reason, why they should not have been given before the argument. To be sure, there are certain of them that appear, perhaps, sufficiently, in the general charge of the court; but it would be a grave question whether, if they all did appear in the charge of the court, it would relieve the record of the error in not giving them at the time the statute gave the party the right to have them given. Beside, we think there are quite a number of these requests that were not given substantially, at least, not fairly and fully comprehended in the charge as given, and for the error in refusing to give these charges, except the two that I have named, when requested, the judgment will be reversed and the cause remanded to the court of

common pleas for a new trial, and the costs will be assessed against the defendant in error.

*Stewart & Rowley* and *Horace Andrews*, attorneys for plaintiff in error.

*C. P. Wickham* and *L. W. Wickham*, attorneys for defendant in error.